**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTINE A. DAVIS,

                      Plaintiff,

    - v -                                        Civ. No. 1:04-CV-1005
                                                             (GLS/RFT)

ABERCROMBIE & FITCH CO. and ABERCROMBIE
& FITCH STORES, INC.,

                      Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF PETER A. TULIN<br>Attorney for Plaintiff<br>340 Broadway<br>Saratoga Springs, NY 12866 | PETER A. TULIN, ESQ. |
| WHITEMAN, OSTERMAN LAW FIRM- ALBANY OFFICE<br>Attorney for Defendants<br>One Commerce Plaza<br>Albany, NY 12260 | HEATHER D. DIDDLE, ESQ. |
| VORYS, SATER LAW FIRM<br>Attorney for Defendants<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216-1008 | STACIA M. JONES, ESQ. |

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT RECOMMENDATION and ORDER

      Presently before the Court is Defendants' Motion to Dismiss or, alternatively, for Sanctions,

pursuant to FED. R. CIV. P. 37(b)(2)(C), based upon Plaintiff's failure to comply with Court ordered

discovery.[1] Dkt. No. 22. Plaintiff does not oppose the Motion. For the following reasons, this Court recommends that the Defendants' Motion be **granted** and Plaintiff's Complaint be **dismissed** in its entirety.

## I. PROCEDURAL BACKGROUND

This action was removed from the Saratoga County Supreme Court to the U.S. District Court in the Northern District of New York on August 24, 2004. Dkt. No. 1. Since this action was originally commenced in state court with the filing of a summons and notice, this Court directed, on October 14, 2004, Plaintiff's Counsel to make an appearance and to file and serve a Complaint that conformed with FED. R. CIV. P. 8 & 10. Dkt. No. 4. Plaintiff filed her Amended Complaint on November 3, 2004, claiming breach of contract and intentional infliction of emotional distress. Dkt. No. 7.

After the Initial Conference, a Uniform Pretrial Scheduling Order was issued on December 20, 2004, setting a date for completion of discovery for September 26, 2005, and further requiring Plaintiff's Counsel to submit a status report on July 15, 2005. Dkt. No. 15. The first signs of trouble in the discovery process occurred on May 25, 2005, whereby the Defendants asked this Court to compel Plaintiff to comply with discovery requests. Dkt. No. 18, Defs.' Lt. ("Defs.' May 25, 2005 Lt."), dated May 25, 2005. Defendants stated that they provided their Initial and

---

[1] This Motion was referred to the undersigned by the Honorable Gary L. Sharpe, United States District Judge. Order, dated August 23, 2005. Additionally, the title of this Motion is incorrectly stated. Rather than this being an actual motion to dismiss, it is more accurately described as a Motion for Sanctions seeking an order of dismissal as the sanction. FED. R. CIV. P. 37(b)(2)(C) states in part.

> If a party . . . fails to obey an order entered to provide or permit discovery . . . , the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: an order . . . dismissing the action[.]

Since this Court has been issuing the discovery orders, this Motion should have come to this Court in the first instance as a motion for sanctions, and for this reason the District Judge referred this Motion to the Court. *See infra* Part II.

Mandatory Disclosures, which were to be served no later than January 14, 2005. *Id.* According to Defendants, Plaintiff never made those disclosures. *Id.* Furthermore, Demands for Interrogatories and Production of Documents, which had been served upon the Plaintiff on February 15, 2005, with a response date of March 25, 2005, went unanswered as well, which Defendants wanted prior to Plaintiff's deposition scheduled for June 3, 2005. *Id.* On March 30, 2005, Defendants reminded Plaintiff that responses and disclosures were due. *Id.*; Dkt. No. 22, Ex. A, Mar. 30, 2005 Lt. After Defendants did not receive a response, a voicemail was left with Plaintiff on April 5, 2005. Defs.' May 25, 2005 Lt.; Dkt. No. 22, Ex. A, Apr. 5, 2005 Email. On April 6, 2005, Plaintiff's Counsel sent a return email to Defendants claiming the discovery requests would be sent as soon as possible, but, by April 11, 2005, nothing had been received by Defendants. Defs.' Let.; Dkt. No. 22, Ex. A, Apr. 6 & 11, 2005 Emails. Another email was sent to Plaintiff directing compliance with the Demands by April 15, 2005. Defs.' May 25, 2005 Lt. Once again, Plaintiff did not reply. *Id.* On April 20, 2005, Defendants, once again, requested that Plaintiff comply by April 27, 2005, and if Plaintiff did not respond, they would seek court intervention. Defs.' May 25, 2005 Lt.; Dkt. No. 22, Ex. A, Apr. 20, 2005 Lt. Plaintiff's Counsel responded to Defendants on April 27th stating she would fax responses by May 3, 2005. Defs.' May 25, 2005 Lt. However, Plaintiff did not fax the responses on May 3, 2005. *Id.* Plaintiff was contacted again on May 4, 2005, to which Plaintiff faxed over documents unrelated to the Discovery Responses and Initial Disclosures. Defs.' May 25, 2005 Lt.; Dkt. No. 22, Ex. A, May 4, 2005 Fax & May 4, 2005 Email. Being ever so diligent, Defendants emailed Plaintiff on May 6, 2005, regarding the May 4, 2005 Fax, but received no response. Defs.' May 25, 2005 Lt.; Dkt. No. 22, Ex. A, May 6, 2005 Email. Defendants were forced to cancel Plaintiff's deposition and incurred unnecessary costs. Defs.' May 25, 2005 Lt.

In response to Defendants' letter dated May 25, 2005, this Court issued a Text Order on May 25, 2005, directing Plaintiff to provide a response to Defendants' letter by May 31, 2005. Text Order, dated May 25, 2005. On May 31, 2005, a representative from Chambers called Plaintiff's Counsel to remind Plaintiff of the response deadline, but Plaintiff nevertheless failed to respond. Text Order, dated June 1, 2005. Plaintiff's Counsel instead contacted Chambers on June 1, 2005, with the intent to set up a telephone conference. *Id.* Finding that Plaintiff's Counsel misunderstood our directions, we gave Plaintiff an extension of time to respond to Defendants' letter, which was to be filed by 5 p.m. on June 1, 2005, and if Plaintiff did not respond, it would be deemed a default on the discovery issue and the Court would then decide the matter. *Id.* Plaintiff, once again, failed to comply. Instead, Plaintiff faxed a letter to the Court on the afternoon of June 2, 2005, providing reasons for not responding to Defendants' Demands and consenting to a conditional order. Dkt. No. 19, Order, dated June 2, 2005, at p. 3. This Court issued an Order, dated June 2, 2005, regarding Defendants' application for court intervention.

The Order outlined the numerous efforts made by the Defendants to procure discovery responses and the countless difficulties they encountered. The Order also reiterated the proverbial hoops the Court had to jump through to cajole Plaintiff into providing the Court with a response as ordered. *Id.* Based upon all the information provided, this Court ordered Defendants' request for intervention be deemed unopposed and that Plaintiff provide a Response to the Defendants' Demand for Interrogatories, Demand for Production of Documents, and the Initial Mandatory Disclosure by July 5, 2005. *Id.* The Court also stated that any objections to Defendants' Demands were deemed waived and that "**FAILURE TO COMPLY FULLY WITH THE DEFENDANTS' DEMANDS AND THIS ORDER SHALL LEAD TO SANCTIONS WHICH MAY INCLUDE**

**A RECOMMENDATION OF DISMISSAL FROM THIS COURT**."[2] *Id.* (emphasis in original).

Thereafter, on June 30, 2005, in contravention to this District's Local Rules, Plaintiff attempted to file discovery materials with the Court, which were rejected and ordered striken from the docket.[3] Dkt. No. 21, Text Order, dated July 1, 2005. As explained by Defendants, in those discovery materials, Plaintiff still failed to respond to the Production of Documents and provide Initial Disclosures. Dkt. No. 22, Defs.' Mem. of Law at p. 5. Defendants spoke to Plaintiff on July 6, 2005, regarding the Court ordered discovery but Plaintiff did not state a definite time for compliance. *Id.* at pp. 5-6. Plaintiff further failed to submit the status report to the Court due on July 15, 2005. Since Defendants did not receive the responses and were previously given permission by this Court if such circumstance arose, on July 29, 2005, Defendants filed this Motion to Dismiss, or alternatively, for Sanctions pursuant to FED. R. CIV. P. 37. Dkt. No. 22; *see also supra* n.1. Plaintiff's Response to the Motion was due on August 15, 2005, however, Plaintiff failed to respond to the Motion timely. Upon information and belief, a representative from the Chambers of the Honorable Gary L. Sharpe, United States District Judge, informed Plaintiff that if she intended to file a belated response, permission or consent from the Court and Defendants would be needed and Plaintiff would need to further provide a reason for missing the deadline. Consequently, Plaintiff never provided a response to the Motion. Because Plaintiff did not comply with this Court's Order to exchange discovery even though Plaintiff's deposition had been scheduled for September 9, 2005, this Court stayed all proceedings until this Motion was addressed. Dkt. No. 27,

---

[2] It was also ordered that Plaintiff would bear the cost of Plaintiff's deposition, which was to occur after all documents and replies were received by Defendants, and that if Plaintiff failed to comply with the Order, Defendants could file a motion for sanctions without consulting the Court. Dkt. No. 19, Order, dated June 2, 2005.

[3] N.D.N.Y.L.R. 26.2 states clearly that the "[p]arties shall not file . . . disclosures, and answers and responses . . . . unless the Court orders otherwise[.]"

Text Order, dated August 23, 2005.

## II. DISCUSSION

FED. R. CIV. P. 37(b)(2) permits sanctions by a court in which an action is pending. FED. R. CIV. P. 37 states that "if a party . . . fails to obey an order to provide or permit discovery," the court may consider one of the following courses of action:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or ***dismissing the action*** or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
> (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

(emphasis added).

Sanctions serve several purposes: 1) to ensure that the offending party will not be able to profit from her failure to comply; 2) to provide a strong deterrence to the non-compliant party and to others in the public; and 3) to secure compliance with an order. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979); *Trehern v. OMI Corp. et al.*, 1999 WL 47303, at *8 (S.D.N.Y. Feb. 1, 1999). A spectrum of sanctions are available ranging from the mildest, such as, reimbursing for expenses, to the harshest, an order of dismissal or default. *Cine Forty-Second Street Theatre Corp.*, 602 F.2d at 1066; *see also Valentine v. Museum of Modern*

*Art*, 29 F.3d 47, 49 (2d Cir. 2004).

The imposition of sanctions under Rule 37 is within the discretion of the court. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (citing *Selletti v. Carey*, 173 F.3d 104, 110 (2d Cir. 1999)); *see also Valentine v. Museum of Modern Art*, 29 F.3d at; *Scott v. Town of Cicero*, 1999 WL 102750, at *2 (N.D.N.Y. Feb. 24, 1999) (Munson, J.). Before imposing sanctions the court may consider: (1) the history of the party's failure to comply with court orders; (2) whether the party violating the order was given ample time to respond; (3) the effectiveness of alternative sanctions; (4) whether the non-complying party was warned and given an opportunity to argue the impending sanctions; (5) the prejudice to the adversary caused by the failure to comply; (6) whether the document at issue would normally be readily obtainable; and (7) the extent of the party's personal responsibility. *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-54 (2d Cir. 1995); *Momah v. Messina Mem'l. Hosp. & Bond*, 1998 WL 129045, at *5 (N.D.N.Y. Mar. 6, 1998) (quoting *Burke v. ITT Automotive, Inc.*, 139 F.R.D. 24, 33 (W.D.N.Y. 1991)).

The imposition of sanctions is a drastic remedy and should be considered when it has been established that a party's noncompliance or failure was due to wilfulness, bad faith or a callous disregard of the responsibilities mandated by the Federal Rules of Civil Procedure or a court order. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 639-40 (1976) (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)); *State of New York v. Almy Brothers, Inc.,* 1998 WL 57666, at *9 (N.D.N.Y. Feb. 4, 1998) (McCurn, J); *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (McAvoy, J) (flagrant bad faith). Moreover, gross negligence on the part of a non-compliant party can suffice as wilful and flagrant bad faith, and in some instances, ordinary negligence may be sufficient as well. *Cine Forty-Second Street Theatre Corp.*, 602 F.2d at 1062

(deliberate tactical intransigence and/or gross negligence); *see also Residential Funding Corp.*, 306 F.3d at 99 (ordinary negligence); *Burks v. Eagan Real Estate Inc.*, 742 F. Supp. 49, 51-52 (N.D.N.Y. 1990) (drastic remedy of a default judgment should not be considered unless the failure to comply was the result of bad faith or gross negligence).

In order for an act to constitute wilfulness, the court's order must be clear and there is no misunderstanding of the intent of the order, and, further, there is no other factor beyond the party's control which contributed to the non-compliance. *Bambu Sales*, 58 F.3d at 852-53. And a "'party's persistent refusal to comply with a discovery order' presents sufficient evidence of willfulness or bad faith." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (quoting *Monaghan v. SZS 33 Assoc., L.P.*, 148 F.R.D. 500, 509 (S.D.N.Y. 1993) (noting that "unexcused failure to comply with two discovery orders warranted dismissal")). However, this statute permits the saving grace of substantial justification or harmlessness to blunt the impact of sanctions. *Grdinich v. Bradlees*, 187 F.R.D. 77, 79 (S.D.N.Y. 1999) (citing *Hinton v. Patnaude*, 162 F.R.D. at 439)). Substantial justification in this context means "'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Jockey Int'l, Inc. v. M/V "Leverkusen Express,"* 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002) (quoting *Henrietta D. v. Giuliani*, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001) (further citations omitted)). There is no exception to honoring and respecting discovery orders. All litigants and litigators must comply and when they flout their obligation, they must suffer the consequences of such action. *Baker v. Ace Advertisers' Serv. Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y. 1992). Additionally, "disclosure of evidence [is meant to] proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention." *Daval Steel*

*Products, Div. of Francosteel Corp. v. M/V Fakredline*, 951 F.2d 1357, 1365 (2d Cir. 1991). "When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredline*, 951 F.2d at 1365 (citing *Nat'l Hockey League*, 427 U.S. at 643).

Furthermore, the Court may turn to those inherent powers, which are innate to its creation, to impose respect for its lawful mandates. *United States v. Seltzer,* 227 F.3d 36, 39-42 (2d Cir. 2000); *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998). Federal courts have always had the inherent power to manage their own proceedings and to control the conduct of those who may appear before them, and when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons," the courts may exercise their discretion in fashioning a remedy. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991). "Even in the absence of a discovery order, a court may impose sanctions" for misconduct during discovery through this inherent power to manage its affairs. *Residential Funding Corp.*, 306 F.3d at 106-07 (citations omitted). However, before a court can exercise this enormous power, it should do so with restraint and upon the finding of bad faith and where abuse litigation practices are evident. *DLC Mgmt. Corp.*, 163 F.3d at 136 (citing *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991)); *see also Sanders v. City of New York*, 218 F. Supp. 2d 538, 542-43 (S.D.N.Y. 2002) (citing *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 267-268 (2d Cir. 1999), for the proposition that when a court exercises its inherent power to impose sanctions for the discovery abuse of spoilation, neither bad faith nor intentional misconduct is necessary).

Here, Defendants ask for dismissal of the action as the sanction to be imposed pursuant to

FED. R. CIV. P. 37(b)(2)(C), which allows a court to dismiss an action if a party fails to obey discovery orders. Defendants alternatively ask for other sanctions if the Court does not recommend the dismissal of the action.

In this case, dismissal of the action, although a drastic remedy, is warranted. First of all, Plaintiff has a history of noncompliance and this Court has been forced to expend unnecessary judicial resources because of Plaintiff's inability to comply with our Orders. The first Order was issued on May 25, 2005, whereby Plaintiff was to submit a response to Defendants' request for Court intervention in discovery matters. Plaintiff provided no response by the deadline set by this Court. Even after an extension of time to file the response was given, Plaintiff still did not comply. Plaintiff, ignoring the deadline, proceeded to fax a letter to the Court without our permission, on the day **after** the extension of time to respond had passed. A second Order was issued on June 2, 2005, setting forth a July 5, 2005 date by which Plaintiff was to respond to Interrogatories, Demands for Production of Document, and provide the Mandatory Disclosures. Once again, Plaintiff missed the July 5, 2005 date without any excuse. Plaintiff also failed to submit a Status Report with the Court as required by the Uniform Pretrial Scheduling Order.

Defendants subsequently filed this Motion and this time, the District Court, was forced to expend its resources to contact Plaintiff to determine whether Plaintiff wished to oppose the Motion since the date to respond had passed. Upon information and belief, Judge Sharpe's Chambers informed Plaintiff that permission was needed to file the opposition or consent would be needed from the other parties and a letter stating the reasons for the delay would have to be presented to the Court; however, Plaintiff's pattern of ignoring the Court continued as no opposition was filed nor did Plaintiff contact Defendants to secure their consent.

In all instances, Plaintiff was provided with ample opportunities to respond to Court Orders. Not only did the Court graciously give Plaintiff extensions to respond, but the Court also attempted to contact Plaintiff's counsel on several occasions in order to discuss the discovery matters. However, the Court was seemingly ignored as phone calls were returned, if at all, days after messages were left. Besides receiving extensions to respond to Court Orders, Defendants gave Plaintiff numerous discovery extensions before asking for Court intervention.

Aside from dismissal, FED. R. CIV. P. 37(b)(2) allows for alternative sanctions including disallowance of support or opposition of claims or defenses, precluding the introduction of certain matters into evidence, striking parts of a pleading or staying the action, rendering a default judgment, or treating the noncompliance of the order as a contempt of court. The Court has carefully weighed the alternatives. No other sanction but dismissal would be effective in this case. Plaintiff's lax attitude seems far from being deterred based upon the long history of noncompliance. The discovery deadline was set for September 26, 2005, though the case was stayed on August 23, 2005. However, up to that point, Plaintiff barely exchanged any discovery materials, and Plaintiff's deposition had to be cancelled on one occasion. Had the Court not stayed the proceedings, it seems as if Defendants would have had trouble conducting the deposition since they were not provided with necessary disclosures. Furthermore, pursuant to FED. R. CIV. P. 26(a)(1) & (f), Initial Mandatory Disclosures are to be made within fourteen (14) days after the Initial Conference and the parties are "to make or arrange for the disclosures required by Rule 26(a)(1)" as least twenty-one (21) days prior to the Initial Conference. The Initial Conference was held on December 20, 2004, and as of July 5, 2005, the date set by the Court Order, Plaintiff had failed to exchange the Initial Disclosures. Seven months is a far cry from fourteen days. Therefore, the alternative sanctions

would not be palpable in this case to restore compliance with Court Orders.

In addition, Plaintiff was forewarned that failure to comply with the June 2, 2005 Order could lead to sanctions including a recommendation of dismissal of the action. Plaintiff was also on notice that Defendants could file a motion for sanctions without seeking the Court's permission. Plaintiff was given an opportunity to oppose the Motion, but Plaintiff chose not to respond.[4] According to the Local Rules for the Northern District of New York, "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown." N.D.N.Y.L.R. 7.1(b)(3). Therefore, as no good cause was shown, Plaintiff's failure to respond shall be deemed as a consent to the granting of the Motion. *See Zaccaro v. State of New York*, 176 F.R.D. 54, 55 (N.D.N.Y. 1997).

Finally, discovery is an integral part of the litigation process and documents, interrogatories, and disclosures sought here by Defendants are normally attainable. Plaintiff provides no excuse as to why the discovery materials were not produced in a timely manner or why they were never produced. To recount, Initial and Mandatory Disclosures were to be served no later than January 14, 2005, which Plaintiff ignored up till the Order dated June 2, 2005; Demands for Interrogatories and Production of Documents, which had been served upon the Plaintiff on February 15, 2005, with a response date of March 25, 2005, went unanswered; and Defendants attempted to correspond with Plaintiff on at least four occasions to receive responses to the Demand for Interrogatories and

---

[4] In any event, had Plaintiff chosen to respond to the Motion, dismissal of the action would remain as this Court's recommendation since Plaintiff still violated several Court Orders and no excuse is available that could substantiate any justifications or harmlessness that could overcome the recommendation.

Production of Documents prior to Plaintiff's deposition to no avail. Order, dated June 2, 2005. Plaintiff initiated the suit and is responsible for moving the process along. Failing to engage in the discovery process when Defendants themselves have attempted to conduct discovery falls squarely on the shoulders of Plaintiff.[5]

The Court's Orders were clear and Plaintiff's persistent noncompliance with discovery Orders evidences willfulness and/or bad faith on the part of Plaintiff. Although unexcused failures to comply warrant dismissal, Plaintiff had the opportunity to show substantial justification or harmlessness to offset the drastic penalty for noncompliance. However, Plaintiff has not made either showing. No reasonable person could interpret the Court's Orders to mean that compliance with the disclosure requests was optional or unnecessary. Furthermore, harm did come from noncompliance as the time period for discovery was winding down without any meaningful exchange of materials.

For the foregoing reasons and because the Court is vested with the inherent power to exercise discretion to impose sanctions for discovery abuses, this Court recommends that Defendants' Motion to Dismiss be **granted** and Plaintiff's Amended Complaint be **dismissed** in its entirety.

### III.  CONCLUSION

For the reasons stated therein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 22) be **GRANTED** and Plaintiff's Amended Complaint (Dkt. No. 7) be **DISMISSED** in its entirety; and it is further

---

[5] In the context of a Rule 41 motion for dismissal due to a party's failure to prosecute an action, we note that, under our Local Rules, "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   November 23, 2005
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge